IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHNNY FRANK JORDAN, | : |
| Plaintiff, | : |
| VS. | :    CIVIL NO. 5:24-CV-139-MTT-CHW |
| TIMOTHY WARD, *et al.*, | : |
| Defendants. | : |

## RECOMMENDATION

In accordance with the Court's previous orders and instructions, *pro se* Plaintiff Johnny Frank Jordan, a recently released former inmate, has filed a motion for leave to proceed *in forma pauperis* as a non-prisoner (ECF No. 9). In his Complaint, Plaintiff complains about receiving inadequate medical treatment at the Johnson State Prison in Wrightsville, Georgia. Compl. 3, ECF No. 1.

A federal civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the event or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(1), (2). The Johnson State Prison, where the events giving rise to this Complaint took place, is located in the Southern District of Georgia. 28 U.S.C. § 90(c)(2). Defendants Dr. Ayden and the Jane Doe nurses also appear to be located in the Southern District of Georgia. *See* Compl. 4, ECF No. 1. Defendant Caldwell, the former warden of Johnson State Prison and the Georgia Diagnostic and Classification Prison in Jackson, Georgia, is currently serving as the Regional Director of the North Regional Office in Atlanta, Georgia, which is in the Northern District of Georgia. *See* https://gdc.georgia.gov/document/document/facility-directory-

list/download (last accessed Aug. 15, 2024); https://gdc.georgia.gov/press-releases/2023-06-08/new-assistant-director-north-region-named (last accessed Aug. 15, 2024) (indicating that Defendant Caldwell was promoted to position effective July 1, 2023).[1]  There is nothing in the Complaint to suggest that Defendants Ward and Lewis—the former commissioner and former medical director of the Georgia Department of Corrections—are currently located in the Middle District of Georgia.  The Complaint, as drafted, therefore fails to establish a basis for venue in this district, and a proper venue for this case would be in the Southern District of Georgia.  28 U.S.C. § 90(c)(2).

A district court is authorized to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  *See* 28 U.S.C. § 1406(a).  "A significant factor in the interest-of-justice analysis is whether a denial of a transfer would effectively bar the plaintiff from relief in the proper court."  *Partee v. Atty. Gen., Ga.*, 451 F. App'x 856, 858 (11th Cir. 2012) (per curiam).  Because dismissing this case could bar Plaintiff

---

[1] Federal Rule of Evidence 201(b) allows a court to take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  "If the court takes judicial notice before notifying a party," however, "the party, on request, is . . . entitled to be heard" regarding "the propriety of taking judicial notice and the nature of the fact to be noticed."  Fed. R. Evid. 201(e).  Courts have taken judicial notice of facts located on the websites of government agencies, and the undersigned will accordingly take judicial notice of Defendant Caldwell's current position in this case.  *See, e.g., Ga. Ass'n of Latino Elected Officials, Inc. v. Gwinnett Cnty. Bd. of Registrars*, 36 F.4th 1100, 1123 (11th Cir. 2022) (taking judicial notice of the fact that county's website offered voters "fifteen languages other than English in which to view its website"); *Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 n.3 (9th Cir. 2015) (holding that court may take judicial notice of official information posted on government website where accuracy of such information is undisputed); *FAS Capital, LLC v. Carr*, 7 F. Supp. 3d 1259, 1266-67 (N.D. Ga. 2014) (taking judicial notice of fact that bank was closed and the FDIC named as receiver based on FDIC website); *Peruta v. Cnty. of San Diego*, 678 F. Supp. 2d 1046, 1053-54 (S.D. Cal. 2010) (finding that "the Court can properly take judicial notice of the documents appearing on a governmental website" and taking judicial notice of state attorney general handbook located on government agency website).

from relief due to the expiration of the statute of limitations, it is in the interest of justice to transfer this action. It is thus **RECOMMENDED** that the Clerk of Court **TRANSFER** this action and any pending motions to the Dublin Division of the United States District Court for the Southern District of Georgia. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 90(c)(2).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 20th day of August, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge